HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Kenneth Wayne Leaming,<br><br>    Defendant. | No. 12-cr-5039-RBL<br><br>ORDER<br><br>(Dkt. #48, 49) |

## **Mr. Leaming's *Pro Se* Motions**

Defendant has moved to dismiss the charges against him for lack of jurisdiction, in addition to a variety of other reasons. (Def.'s Mot. to Dismiss, Dkt. #48, Ex. 1–11 (presenting Defendant's eleven separate motions, declarations, and "mandatory judicial notices")). The filings are presented *pro se*, although Defendant is represented by counsel, and the filings are therefore barred by Local Rule GR 2(g).

In sum, Defendant argues that the United States is "municipal corporation," and Defendant "needs to know for sure who the Plaintiff is . . . and what the specific relationship, contract or otherwise, may be upon which Kenneth Wayne Leaming has any relationship or obligation to that district of Columbia corporation, and its statutes, codes, and/or laws and specifically, which, and why." (Def.'s Mot., Dkt. #48-1). Defendant can find all that information in the Complaint. (Compl., Dkt. #1.) To answer Defendant's questions directly, the United States government—representing the public—is the Plaintiff; it is not a municipal corporation,

and Defendant must follow the law like everyone else.  Defendant's motions are meritless and **DENIED**.

### Defendant's Pretrial Motions

Defendant moves, through counsel, (1) to suppress evidence and statements obtained in the wake of a search warrant he contends is invalid; (2) to dismiss the charges of retaliating against a federal officer by filing false liens (i.e., Counts I–III of the Complaint); and (3) to dismiss the charge of felon in possession of a firearm.  (Def.'s Mot. to Dismiss at 1, Dkt. #49.) The motions are denied.

**A. Suppression of Evidence**

Defendant argues that the search of his home was unconstitutional because the warrant was not supported by probable cause, was based on stale evidence, and was overly broad.  (*Id.* at 13, Dkt. #49.)

The Government obtained a search warrant based on the belief that Defendant had filed false liens in retaliation against federal officers, in violation of 18 U.S.C. § 1521.  (Compl. at 1.) The Government had already recovered the actual liens filed by Defendant from the Pierce County Auditor.  In addition, the Government had intercepted correspondence between Defendant and an inmate, David Carroll Stephenson, discussing the liens.  There is no doubt that probable cause existed to support the warrant.

Nor is there doubt that the warrant rested on non-stale evidence. The liens were filed in July 2011; the correspondence between Defendant and Stephenson was intercepted in October 2011; the warrant was issued in November 2011.  "In light of the particular facts of the case and the nature of the criminal activity and property sought," *U.S. v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991), the warrant was not based on stale information.

Nor was the warrant overbroad.  Defendant argues that "the search should have been confined to the post office box (and any letters therein)," rather than include Defendant's home, computer, and email account.  (Def.'s Mot. to Dismiss at 20, Dkt. #49.)  Common sense suggests otherwise.  Defendant was allegedly drafting and filing false liens, which would presumably be

done in his home, on a computer, and sent to others—i.e., Stephenson—via email. The warrant is not overbroad.

Lastly, Defendant suggests that the Government improperly searched Defendant's mail by reading the exterior of envelopes he sent to Stephenson. But as the Government notes, a person has no reasonable expectation of privacy in the information contained on the outside of an addressed-envelope. *U.S. v. Choate*, 576 F.2d 165, 175 (9th Cir. 1978).

### B.  Suppression of Post-Arrest Statements

Defendant argues that statements he made when asked whether he possessed firearms should be suppressed because officers had not yet read Defendant his Miranda rights. (Def.'s Mot. to Dismiss at 23, Dkt. #49.) Officers are, however, permitted to ask questions necessary to maintain their safety. *New York v. Quarles*, 467 U.S. 649 (1984) (discussing "public safety exception" to *Miranda*). The Government alleges that Defendant was part of a "county ranger" group, whose "members were known to carry fake law enforcement credentials and to carry firearms," and Defendant had allegedly been seen harboring fugitives. (Pl.'s Resp. at 13–14, Dkt. #65.) The officers acted properly in enquiring into the existence of nearby weapons.

### C.  Dismissal of Lien Counts

Defendant argues that "none of the purported filings are liens" and that 18 U.S.C. § 1521criminalizes the exercise of protected speech. Defendant's first argument is somewhat confusing given that he titled the documents "Notary Witnesseth of Record of Default & *Consensual Lien*," and the documents list certain federal officials as "grantors" and "Kenneth Wayne, sovereign Man as Trustee/POA" as the grantee. (*See, e.g.*, Def.'s Mot. to Dismiss at 6, Dkt. #49 (emphasis added)). Defendant suggests that the documents are not liens because the alleged victims did not own property in Pierce County, and thus, the documents would be ineffective. But the Defense itself cites *United States v. Reed*, 668 F.3d 978 (8th Cir. 2012), for the proposition that § 1521 "criminalized the filing of a false lien, even if invalid." (Def.'s Mot. to Dismiss at 26, Dkt. #49.) In *Reed*, the Eighth Circuit reasoned that "the prohibition in 18 U.S.C. § 1521 is triggered by the filing of a false or fictitious lien, whether or not it effectively impairs the government official's property rights and interests." *Reed*, 668 F.3d at 984–85. The

Court agrees.  There is no requirement in the statute that the lien actually operate; it is the filing that is criminal.

Defendant's free-speech defense similarly fails.  He argues that § 1521 "prevents citizens from exercising the most sacred right of all—to challenge conduct that they perceive to be in violation of the law."  (Def.'s Mot. to Dismiss at 28, Dkt. #49.)  According to Defendant, the statute "offends [his] right to seek redress against Government officials."  (*Id.*)  And, the statute confers "special privileges" on government officials, in violation of the due-process and equal-protection clauses.  (*Id.*)

In response, the Government correctly notes that "[t]he First Amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose."  *U.S. v. Barnett*, 667 F.2d 835, 842 (9th Cir. 1982).  Filing fabricated liens against government officials is not "petitioning" the government for redress; it is direct harassment of individuals.  The use of liens to harass others is not protected by the First Amendment.  As for Defendant's due-process and equal-protection argument, he offers no legal basis for the argument, and it is meritless.

**D. Dismissal of Charge of Felon-in-Possession of a Firearm**

Lastly, Defendant asks the Court to overrule both the Ninth Circuit and the Supreme Court and hold that § 1521 is unconstitutional.  (Def.'s Mot. to Dismiss at 29–31, Dkt. #49.)  The Court declines.  *U.S. v. Henry*, 688 F.3d 637 (9th Cir. 2012) (rejecting argument that restrictions on firearm possession are unconstitutional under the Commerce Clause and the Second Amendment).

**III.  CONCLUSION**

For the reasons stated above, Defendant's motions (Dkt. #48, 49) are **DENIED**.

DATED this 22nd day of October, 2012

Ronald B. Leighton
United States District Judge