Judge Leighton

UNITED STATES DISCTRICT COURT
WESTERN DISCTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH WAYNE LEAMING,

Defendant.

CR 12-5039 RBL

Motion to Withdraw and Appoint Standby Counsel

Note for Motion: 1/14/13
ORAL ARGUMENT REQUESTED

**Motion**

Mr. Leaming, through his attorney, moves the Court to allow Mr. Brennan to withdraw as counsel for Mr. Leaming, have the Court conduct a <u>Faretta</u> hearing, and allow Mr. Leaming to represent himself in all further proceedings in this case. Mr. Leaming further requests that standby counsel be appointed and would like Mr. Brennan to serve in this capacity.

Mr. Brennan discussed this matter with AUSA Lombardy on 1/11/13 and Mr. Lombardy advised that he does not object to our immediately noting the motion, so as to expedite the matter.

Motion to Withdraw/Appoint Standby Counsel   1

PHIL BRENNAN, Esq.
P.O. Box 22837
Seattle, WA 98122
(206) 372-5881

**Facts**

Mr. Leaming was charged in the 11/21/11 Complaint with three Counts of Retaliating against a federal official by filing a false lien. He has remained in detention since his initial appearance on that date.

The 1/26/12 Indictment contains 6 Counts. Counts I-III mirror those referenced above. Codefendant David Stephenson is charged along with Mr. Leaming in one of these Counts (III). Count IV alleges that Mr. Leaming concealed 2 individuals – Sharon Henningsen and Timothy Donovan – while they were wanted on outstanding federal warrants in Arkansas. Count V alleges that Leaming was a convicted felon who possessed 5 firearms in violation of federal law. Count VI alleges that Leaming passed a false financial instrument in 2008.

The parties have spent the past several months in negotiations on a possible resolution of this case, but those negotiations have recently reached an impasse.

Trial is set to begin on 2/25/13.

**Discussion**

A defendant has a right to represent himself. <u>Faretta v. California</u>, 422 U.S. 806 (1975). This request must be timely, unequivocal, not made for the purpose of delay, and knowingly and intelligently made. <u>Sandoval v. Calderon</u>, 241 F.3d 765, 774 (9th Cir. 2000). As the Ninth Circuit noted:

> … before electing to represent himself a defendant must be advised of his right to counsel and the dangers and disadvantages of self representation. Further, a defendant's waiver of the right to counsel must be knowing and voluntary. If a defendant persists in his choice to represent himself, that choice must be honored even if it is to his own detriment.

<u>US v. Kurt Johnson</u>, 610 F.3d 1138, 1144 (9th Cir. 2010); <u>see also</u> <u>Indiana v. Edwards</u>, 554 U.S. 164 (2008).

In the instant case, Mr. Leaming requests that he be allowed to represent himself and feels fully capable of doing so. This request is timely, and is being made promptly following an impasse in settlement negotiations. Mr. Leaming would like the assistance of standby counsel, and would like Mr. Brennan to serve in that role. Respectfully submitted this date.

By: ____/s/_____

PHIL BRENNAN, WSBA #25711*
Counsel for Defendant Leaming
Date: 1/14/13

*Certificate of Delivery
I certify that I filed this document on ECF, copies of which go to all attorneys of record.