Judge Leighton

UNITED STATES DISCTRICT COURT
WESTERN DISCTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH WAYNE LEAMING,

Defendant.

CR 12-5039 RBL

Defendant Leaming's Response to Defendant Stephenson's Motion to Sever

**Introduction**

Mr. Leaming, though counsel, submits the following response to Defendant David Stephenson's Motion to Sever. See ECF 74-1. Mr. Leaming has no objection to this motion, but understands the Government will object at least in part to the motion. Should the Court not sever the defendants, Mr. Leaming proposes that Counts I-III be tried to the jury first, while all other charges against Mr. Leaming be tried thereafter (with the Felon-in-Possession tried on its own). In the event the Court grants Mr. Stephenson's motion and severs the defendants, Mr. Leaming requests that the felon-in-possession charge (Count V) be tried separate and apart from all other counts.

Sever Response                    1                    PHIL BRENNAN, Esq.
                                                        P.O. Box 22837
                                                        Seattle, WA 98122
                                                        (206) 372-5881

**Discussion**

FRCr 8 states:

> Rule 8. Joinder of Offenses or Defendants
> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both— are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Id.

FRCr 14 states in part:

> Rule 14. Relief from Prejudicial Joinder
> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Id.  Rule 8(b) and Rule 14 "are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial."  Bruton v. US, 391 U.S. 123, 131, n. 6 (1968).  Similarly, when considering whether to sever counts, the inquiry for the court is whether joinder of counts is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever."  US v. Lopez, 477 F.3d 1110, 1116 (9th Cir.2007).

In the instant case, Mr. Stephenson's motion is premised on Rule 8(b), on the grounds that he faces only one Count (III) and that most of the evidence at trial will be focused on Mr. Leaming and the other Counts in the Indictment (Counts I, II, IV-VI). Mr. Stephenson seeks to avoid the spillover effect of this evidence and proposes that he be tried separately. We have no objection to this motion.

Should the Court decline to sever the defendants under Rule 8(b), we propose that pursuant to Rule 8(a) and Rule 14(a), the false lien counts (I-III) be tried first. This approach will limit the spillover effect addressed by Mr. Stephenson, and focus the jury on lien counts that involve much of the same evidence. In the alternative, we think at the very least that Mr. Leaming's felon-in-possession charge (V) should be severed. Mr. Leaming's status as a felon has no bearing on the lien counts (or any other counts), and will prejudice the jury against him (and Mr. Stephenson) if such evidence is heard.

Finally, if the Court grants Mr. Stephenson's motion and he and Mr. Leaming are severed, we ask that the felon-in-possession charge be tried separately. Mr. Leaming's alleged possession of firearms and status as a felon has no bearing on the other counts. Moreover, once the jury hears he is a felon, it could prejudice him with regard to all counts. See US v. Singh, 261 F.3d 530 (5th Cir. 2001) (joinder of firearm counts with harboring was improper given lack of nexus between the two).

Sever Response           3           PHIL BRENNAN, Esq.
                                     P.O. Box 22837
                                     Seattle, WA 98122
                                     (206) 372-5881

Respectfully submitted this date.

By: \_\_\_/s/_____

PHIL BRENNAN, WSBA #25711*
Attorney for Defendant Leaming
Date:  1/18/13

*Certificate of Delivery

I certify that I filed this document on ECF, copies of which go to all attorneys of record.

Sever Response                     4                     PHIL BRENNAN,Esq.
                                                         P.O. Box 22837
                                                         Seattle, WA 98122
                                                         (206) 372-5881