⑥

United States District Court
Western District Washington

CR12-5039

UNITED STATES OF AMERICA vs KENNETH WAYNE LEAMING, et al

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and FAILURE TO DISCLOSE NATURE and CAUSE

COMES NOW the defense, by and through Kenneth Wayne, subjected to involuntary servitude as ~~accused~~ counsel/spokesman for the defense to move the Court to dismiss the transaction(s) for failure to state a claim and failure to disclose the nature and cause of the transaction, etc.

1) As to all "charges" the record does not make to appear jurisdiction, as to each element of jurisdiction, venue, personum/standing, and subject matter, the record is VOID of evidence of such jurisdiction and as such the court is acting in a clear absence of jurisdiction, see ~~illegible~~ Maine vs Thiboutot, 100 SCt 2502; Hagans vs Levine, 415 US 533; Thomas vs Ohio State University Trustees, 195 US 207; Capitol City Dairy Co. vs

MOTION TO DISMISS...
Page 1 of 8

Kenneth Wayne
℅ 2425 So. 200 St #26
Seatac
Washington republic

Ohio, ex rel..., 183 US 238; Bors vs Preston, 111 US 252; Wood vs Wagnon, 2 Cranch 9; Federal Practice and Proceedure, Section 3522; Kullonen vs Guardian Life Insurance of America, 128 LEd2d 391; Basso vs Utah Power and Light Company, 495 F2d 906;

2) As to all "counts"/"charges" the record fails to evidence the capacity, standing, and creation or other credentials of organization, association, charter, Articles of Incorporation, or other type of Instrument upon which a fact finder could determine who or what the Plaintiff is, where it is founded or based, and if it has standing within the geographical boundaries of the republic <u>The People of the State of Washington</u>, constituted 1878 and admitted to the union 22 February 1889 as appears in the Record of Pierce County, Washington, Auditor's REGISTRY 200009130560, and if it is, as may appear, a municipal corporation of the district of Columbia organized by the 2nd or 3rd Congress, its capacity, standing, or registration as a foreign Corporation authorized to transact business within

Motion to Dismiss...
Page 2 of 8

Kenneth Wayne

Washington state's borders, and considering the 9th & 10th Amendments to the union Constitution, the foreign sovereign immunities act, and the record of the International Law Ordinance, REGISTERED DOC0@2012096074, DECLARATION & ORDER, and the UCC 1 financing statement registered in the District of Columbia, Recorder of Deeds registration 2012012675, etc.;

3) As to "Count"s one, Two, and Three, the record fails to disclose the nature and cause of the action or transaction, whether a breach of Contract, tort, or some type of Contract offering/negotiation, and the relationship between the parties upon which the matter is based;

4) While "Count"s one, Two, and Three allege the filing of something "false", there appears no kind of allegation of what is "false" or "fictitious" about the document or instrument complained of upon which a controversy or agreement could be had;

5) While "Counts" one, Two, and Three appear to allege that someone against whom some sort of

claim was made, the record does not allege the existence of any Administrative investigation, Report, and Certificate of an administrative authority as set forth in 28 CFR 15.2 upon which a Fact Finder could find that any such party was engaged in any official duty as to the acts/omissions alleged in the claim process referenced thereby being substantially deficient in stating the nature and cause of the action or Transaction;

6) As to "count" Four, the record fails to disclose the nature and cause of the action/transaction in that it does not disclose whether the matter is based in Tort, breach of Contract, an offer of a Contract negotiation, or other foundation upon which the document/instrument/proceeding is based, and if a tort, the damage or injury to any particular victim, if a breach of Contract what contract was alleged to be breached;

7) As to "Count" four, the record fails to disclose the nature and cause of the Transaction or action in that no specific Act is alleged

Motion to Dismiss...                              Kenneth Wayne
Page 4 of 8

upon which a fact finder could find that any lawful notice or knowledge may have existed upon which a Duty relating to tort or Contract could lie to, pre-emtively make everyone who visited the accused prove There was no "Warrant", or other process, ~~Orders~~ Summons, Subpoena, or otherwise outstanding;

8) As to "Count" Four, the record fails to allege That anyone, even purporting to be an officer or agent of government, lawfully or otherwise, made any effort to contact the accused, inform the accused of any process sought to be served upon any guest of the alleged accused, and make any request to speak with, contact, arrest, or otherwise have any Relationship with Such guest;

9) As to "Count" Four, the record fails to allege that upon a request based on notice, as set forth in ¶¶ 7 & 8, above, That the alleged accused took any specific over action to thwart such official action as to any guest;

10) As to "Count" Six, the record fails to disclose

the nature and cause of the action/Transaction in that it does not identify any material FACT upon which intent could be based, and does not identify any Material FACT of any information upon which the purported security or financial instrument could be determined to be "false and fictitious", and if an account number, any material fact upon which such account did not exist, that the account had been closed or otherwise become insolvent, etc.;

11) As to "Count" ~~four~~ Six, the record does not disclose how a promise, made in good faith reliance on a Creditors promise to pay some amount of Something in the future could be "false or fictitious";

12) As to "Count" ~~four~~ Six, The record does not disclose the form or substance of the value, substance, or other equitable value item, tangible or intangible upon which the promise was made, and upon which such promise could be any kind of Substantive fraud;

13) As to the entire proceeding, the record does not disclose what Act of Congress delegated jurisdiction of the subject matter of the action/

Transaction to the United States District Court, and the Act(s) of Congress evidenced at 18 USC 23 define "Court of the United States" as "used in this title" (Title 18) "INCLUDES", which is an exclusive term, limiting the definition to the items included on such list, in this instance "the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands", and nowhere does it say anything about any "United States District Court", much less for the Western district of Washington; AND, the Supreme Court has clearly established that Congress knows what it says, means what it says, and that its inclusions and exclusions of specific language are intentional as set forth by its published decision(s) inclusive of Jackson Transit Authority vs. Amalgamated Transit Union, 475 US 15;

WHEREFORE: the Court, for the reasons stated above, has ONLY the jurisdiction to dismiss the action/Transaction for failure to state a claim, as set forth by FRCrP 12(b) and as clearly established by the Appellate Courts, inclusive of the Supreme Court, in, among others, United States

Motion to Dismiss...  
Page 7 of 8

Kenneth Wayne

```
 1  vs. Cotton, 535 US 625;
 2  14) The court is also hereby reminded, in the nature
 3  of NOTICE and KNOWLEDGE as recognized at FER 201(c)(2),
 4  and UCC 1-201 (25),(26), and (27) of the clearly established
 5  law published at United States vs Leon, 83 LEd2d 677;
 6  Ryder vs United States, 132 LEd2d 136; Weeks vs United
 7  States, 58 LEd 652; Albright vs Oliver, 127 LEd2d
 8  114; Bond vs United States, 180 LEd2d 269; Bender
 9  vs Williamsport Area School District, 89 LEd2d 501; Page
10  vs Wright, 85 LEd 1142; Stump vs Sparkman, 55
11  LEd2d 331; In re: Complaint of Judicial Misconduct, 366
12  F3d 963; Lacey vs Maricopa County, 649 F3d 1118;
13  Land vs Dollar, 91 LEd 1209; Zeller vs Rankin, 68
14  LEd2d 326; Rankin vs Howard, 633 F2d 844 (cert.
15  denied); Smith vs Texas, 167 LEd2d 632; Steel Co.
16  vs Citizens for a Better Environment, 140 LEd2d 210;
17  Connick vs Thompson, 179 LEd2d 417; Rotella vs
18  Wood, 528 US 549; Estelle vs Gamble, 50 LEd2d
19  251; and Argersinger vs Hamlin, 407 US 25.
```

Given without prejudice on this day 18 February, 2013, under penalty of bearing false witness, pursuant to the law of God Almighty,

Kenneth Wayne, involuntary counsel for the Defense, Public Minister, etc.

Motion To Dismiss ..., Page 8 of 8    Kenneth Wayne