HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br> v.<br><br>Kenneth Wayne Leaming,<br><br>        Defendant. | No. 12-cr-5039-RBL<br><br>ORDER ON MOTION FOR RECUSAL<br><br>(Dkt. #198, 199) |

  Defendant, recently convicted, has filed a "Notice to the Record and Notice of Duty to Recuse," which the Court will treat as a motion to recuse. Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). "In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion.").

  Defendant has provided no grounds for recusal. He states only that he has filed a "Judicial Misconduct/Disability Complaint" against the undersigned with the Ninth Circuit and believes that the filing itself "EVIDENCES the prejudice and BIAS of Leighton, and Leighton is mandated to recuse himself for Bias and Prejudice." A defendant's filing of a document is not

Order - 1

evidence of bias.  The motion is **DENIED** and the Clerk is directed to **REFER** the motion to the Chief Judge.

Defendant has also filed a "Demand for Declaratory Judgment as to Adjudicative Facts." Like many of Defendant's previous filings, the document references "International Law Ordinances" from the internet and asks "[i]s there any FACT and LAW upon which the International Law Ordinance . . . is not binding on the above captioned tribunal and its officers?" Yes.  It is not a law passed by Congress and signed by the President.  Defendant's filing goes on to ask similar vague questions about the Universal Declaration of Human Rights, the Declaration of Independence, and the U.S. Constitution.  The answers to his question are as follows: the Universal Declaration of Human Rights and the Declaration of Independence provide no binding law; the Constitution does.  To the extent that this document is meant as a motion, it is **DENIED**.

Dated this 13th day of March 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE