UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WAYNE LEAMING, et al.,<br><br>Defendant. | CASE NO. CR12-5039 RBL<br><br>ORDER ON REVIEW OF MOTION TO RECUSE |

Before this Court is Defendant Leaming's motion for recusal (Dkt. No. 199) and Judge Leighton's order declining to recuse himself. Dkt. No. 202. The motion has been transferred to this Court for review in accordance with Local Rule GR 8(c).

Upon consideration of the motion and all relevant documents in this matter, the Court affirms Judge Leighton and DENIES the motion to recuse.

**DISCUSSION**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice

ORDER ON REVIEW OF MOTION TO RECUSE- 1

concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

While the basis for Defendant's motion is not exceedingly clear, it is apparent that he believes that Judge Leighton's rulings (or failures to rule) on certain of Defendant's motion in the above-entitled matter are in error: "[Judge Leighton] continues to interfere with the effective and expeditious administration of the business of the courts by willfully and persistently failing to perform [his] DUTIES, inclusive of the DUTY to hear and make any finding of FACT and Conclusions of LAW as to the several elements of jurisdiction as clearly established and set forth…." Motion, pp. 5-6 (*citations omitted*).

ORDER ON REVIEW OF MOTION TO RECUSE- 2

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. Plaintiff has identified no error of law, and a review of Judge Leighton's rulings in this matter reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

Plaintiff may disagree with Judge Leighton's rulings but that is a basis for appeal, not disqualification. As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Leighton's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Defendant's motion for Judge Leighton to recuse himself in this case.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated this 3rd day of April, 2013.

Marsha J. Pechman
United States Chief District Judge

ORDER ON REVIEW OF MOTION TO RECUSE- 3