The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WAYNE LEAMING,<br><br>Defendants. | NO. CR12-5039RBL<br><br>UNITED STATES' SENTENCING MEMORANDUM |

## I. INTRODUCTION.

The United States of America respectfully recommends the Court impose a total sentence of 120 months in custody, to be followed by three years of supervised release, structured as follows: 120 months (the statutory maximum) for the false lien counts; six months for the harboring count; and 60 months for the felon in possession count, all to run concurrently.

Overwhelming evidence during the trial shows that Defendant is a determined, persistent offender who will never stop retaliating against government officials for the exercise of their duly appointed duties. Defendant has no remorse for any of his actions, and fully intends to continue to pursue the same course of conduct - this is clear from the defense he presented at trial, and in his filings since trial.

Equally important, Defendant illegally possessed a small arsenal of dangerous firearms, including a "street sweeper" style shotgun and an assault rifle, together with

U.S. Sentencing Memo - 1
*U.S. v. Leaming*, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

badges and other police-style equipment. During trial, the Defendant repeatedly made thinly veiled threats to engage in violence if he was punished for his actions in filing the liens. Given his anti-government views, Defendant's possession of firearms is troubling.

In short, the most important of the factors under 18 U.S.C. § 3553(a) appears to be the need to protect the public from future crimes of the Defendant, and the government recommends that the Court sentence Defendant accordingly.

## II. BACKGROUND.

### A. THE INCEPTION OF THE INVESTIGATION.

As the Court doubtless recalls from the trial, this case arises out of a larger investigation into the activities of a national "sovereign citizen" group with a significant presence in Western Washington.

Local jurisdictions alerted federal law enforcement that they had received a significant number of threats from members of this group. To summarize, members of this group often engaged in so-called "freedom driving" driving about without state-required licenses, either for their vehicles or themselves. When contacted by local law enforcement, members of the group would bombard local officials (from the officer, to local judges, to mayors and other members of local government) with frivolous liens, false claims, and sometimes threats of violence. Many members of this same group had previously come to the attention of federal law enforcement for engaging in various fraudulent tax schemes, wire fraud schemes, and (occasionally) inappropriate communications with various members of federal law enforcement and the judiciary. The unifying thread in all of these incidents was the same - a purported belief that both state and federal government entities were illegitimate.[1]

---

[1] Based on these incidents, a broad-ranging investigation was launched into the members of this group by the FBI, the IRS, and USMS, all acting in coordination with this office. That investigation has led to the prosecution of a number of members of the group, including *David Russell Myrland* (under CR11-0057RSM - prosecuted for interstate threats, sentenced to 42 months); *Timothy Garrison* (CR11-248RSM - prosecuted for various tax offenses, also sentenced to 42 months); and *Raymond Leo and Ute Cristine Jarlik-Bell* (CR11-5047RBL, various tax offenses - currently pending sentencing after being convicted after a trial). All of whom had made various threats to

U.S. Sentencing Memo - 2
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

B.  **IDENTIFICATION OF LEAMING AND STEPHENSON.**

Defendant Kenny Wayne Leaming (Leaming) was identified as part of the larger investigation. Leaming was already known to federal law enforcement, based on a prior conviction for operating an aircraft without a pilot's license. *U.S. v. Leaming*, CR05-5143FDB.

Mr. Leaming was also well-known as a long-time constitutionalist/sovereign citizen, who had a documented history of holding himself out as a law enforcement officer and/or a lawyer. He also was instrumental in founding the "County Rangers," the sovereign group's armed enforcement wing. Members of the County Rangers were issued realistic-looking badges and credentials - apparently procured by Mr. Leaming - were required to possess firearms as part of their duties, and held themselves out as law enforcement officers.

The government's interest in Leaming was heightened based on a search of another sovereign's home, Raymond Leo Jarlik-Bell. During a search of Jarlik-Bell's residence, federal agents discovered copies of liens that Leaming had filed with the Pierce County Auditor against a federal District Judge, an AUSA, and other federal agents and employees, all of whom were based in Washington DC, and all of whom were involved in the prosecution of a large wire fraud case in that jurisdiction. A Secret Service Agent, R.D., was one of those victims and testified at trial.

The investigation also established that Leaming had also filed liens against other federal officials. Most important, one of the liens was filed against the warden of the federal Bureau of Prisons (BOP) correctional institution in Phoenix, Arizona, and another against the former Director of BOP. Both of these victims testified at trial as well.

Those liens were filed on behalf of co-defendant David Carroll Stephenson. Stephenson was also well known to federal law enforcement, having previously been convicted in this Court of various tax related offenses. *U.S. v. Stephenson*,

---

local government officials.

U.S. Sentencing Memo - 3
*U.S. v. Leaming*, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   CR05-5158RBL. Stephenson was sentenced by this Court to 96 months, and, for a period
2   of time, was held at FCI Phoenix.
3         Further investigation confirmed that Stephenson and Leaming had worked together
4   to file the BOP liens. BOP investigators found numerous emails, jail phone calls, and
5   letters between Leaming and Stephenson documenting their conspiracy to file the liens
6   against the warden of FCI Phoenix and other BOP officials, all linked to Stephenson's
7   incarceration.
8         In addition to the above, agents also discovered that Leaming had been mailing
9   (but, to the best of the government's knowledge, not filing) various claims and liens
10  against a Postal Inspector based in Arkansas, who was investigating and prosecuting a
11  federal fraud case against two individuals, Timothy Donavan and Sharon Henningson.
12  The significance of those claims became apparent soon after.

### C. EXECUTION OF SEARCH WARRANTS AT LEAMING'S RESIDENCE - ADDITIONAL CHARGES.

      Based on the probable cause set forth above, FBI agents obtained a search warrant for Leaming's residence in Spanaway on November 21, 2011. An arrest warrant, based on a complaint, was obtained that same day. The search warrant affidavit also sought authorization to search certain un-opened mail that Leaming had been observed dropping off at his post office (addressed to, among others, Chief Justice Roberts); Leaming's email account, used to communicate with Stephenson; and his computers.

      During surveillance prior to executing the warrant, agents spotted a vehicle near Leaming's residence with out-of-state plates. A check showed the vehicle was registered to Donavan and Henningson, referred to above, who had since been charged federally and become federal fugitives. During the evening of November 21, 2011, agents contacted the occupants of the vehicle, found Donavan and Henningson inside, and arrested both on their federal warrants.

      The search warrant was executed at Leaming's residence on November 22, 2011. Leaming was present and was arrested. During the search, agents found evidence that he

U.S. Sentencing Memo - 4
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

was, in fact, harboring Donavan and Henningson and that he knew each was a federal fugitive. In particular, a sometime resident of Leaming's home, Janice Bryson (who also testified at trial), told the agents that Leaming was in fact aware that Donavan and Henningson were fugitives. Mr. Leaming's actions in harboring these two individuals was charged in Count Four of the Indictment.

Immediately after execution of the search warrant, but before Leaming was transported from the scene, Agents asked Leaming questions about the presence of firearms for officer safety purposes. Leaming admitted that a number of firearms were present in the home. Agents indeed found a number of firearms during the search, including an AK-47 style assault rifle with a bayonet; several handguns (one of which was in a drawer of the desk Leaming was sitting at as entry was made); two other rifles; and a shotgun.

Leaming was transported to the FBI's offices and was advised of his *Miranda* rights. Post-*Miranda*, Leaming again acknowledged that he knew the firearms were present, but advanced some type of nonsensical, quasi-legalistic explanation as to why they were not, in fact, firearms. Mr. Leaming is, of course, a convicted federal felon as set forth above, and therefore is prohibited from possessing firearms.

Also found at Leaming's residence were numerous boxes of correspondence and legal paperwork documenting other apparent fraud schemes, voluminous correspondence with co-defendant Stephenson, and copies of the liens at issue in this matter. Agents also recovered law enforcement equipment, including light bars for vehicles, various badges and sets of credentials, and a box full of "County Ranger" badges.

**D.     PROCEDURAL HISTORY**.

Leaming was originally arrested pursuant to a complaint at the time of the search warrant. He was subsequently indicted, together with Stephenson, on January 26, 2012. Trial was continued multiple times, primarily at the request of the defense.

The government obtained a Superseding Indictment on February 6, 2013. The Superseding Indictment did not add any new counts or defendants. Instead, it made

U.S. Sentencing Memo - 5
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

certain slight technical and stylistic changes to the existing counts (i.e., adding the initials of the victims for the first three counts). The only truly new addition was a forfeiture allegation as to the weapons charged in Count 5.

Defendant Leaming filed a number of substantive motions through his then counsel, including motions to suppress and to dismiss, which were all denied. Leaming then obtained the Court's leave to proceed *pro se*. Leaming also filed numerous *pro se* motions, both when he was represented and after, all of which the Court denied. Stephenson filed a motion to sever, which the Court granted in part (bifurcating the felon-in-possession charge) and denied in part.

Trial was held the week of February 25, 2013. At trial, the government elected not to proceed with one charge (Count 6, the false securities count). After a five-day trial Leaming and Stephenson were convicted on all charges.

During the trial, Leaming repeatedly made statements referring to the (then recent) incident in Southern California, where a former police officer had started hunting down and murdering government officials the former officer felt had wronged him. Leaming would generally say something to the effect that it was better that he engaged in "seeking redress" from government officials by way of liens and other paperwork, as opposed to emulating the former officer and using violence.

This formulation was repeated often enough that the government believes it was a thinly-veiled threat. Leaming, in essence, engaged in "paper terrorism" against government officials. By these repeated statements, Leaming seemed to be saying that if he was not permitted to engage in that conduct, he may as well resort to violent acts of terror instead.

Since his conviction, Defendant has continued to file numerous, typically incomprehensible and/or nonsensical filings in this and other courts. These filings refer to various UCC instruments, typically claim the Court lacks jurisdiction over him based on a willful misunderstanding of the law, and claim that he is being held as a "slave." Leaming has attempted to sue at least one AUSA in the International Court of Justice, and

U.S. Sentencing Memo - 6
*U.S. v. Leaming*, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

filed numerous monetary claims (often claiming that he should be paid in silver) against BOP officials, agents, AUSAs, various judges, and the Ninth Circuit Clerk. He has also filed numerous *pro se* civil proceedings and appeals in the Circuit. Most recently, he filed complaints with the WSBA against one of the AUSAs, U.S. Attorney Durkan, and this Court.

### III. SENTENCING GUIDELINES.

The government concurs with the Probation Office's calculation of the Advisory Guideline range in its entirety. After applying the Multiple Count Adjustments under the Guidelines, Defendant is Total Offense Level 26, with a criminal history of III, for an advisory Guideline range of 78 - 97 months.

The government notes that, while properly calculated, the advisory Guideline range fails to adequately reflect Defendant's offense conduct. First, Defendant committed multiple criminal offenses, which are essentially unrelated, except in as much as they all spring from his disdain for government and the legal system at all levels. However, he faces little to no additional jail time for these offenses due to the manner in which the grouping rules apply. Second, as noted in the PSR (¶ 96), Defendant's CHC is probably understated at CHC III.

### IV. RECOMMENDATION AND JUSTIFICATION.

The United States respectfully recommends a total combined sentence of 120 months, the statutory maximum for the false lien charges (Counts 1 - 3), 18 U.S.C. § 1521. The Court should also impose a sentence of six months for the harboring charge (Count 4), and 60 months for the felon in possession charge (Count 5), all of which should run concurrently.[2]

A sentence of this length is required by the need to protect the public from future

---

[2] Alternatively, the Court could impose a sentence of 60 months for the lien counts; 10 months for the harboring a fugitive count; and 50 months for the felon in possession count (all at or slightly above the top of the advisory range if calculated in isolation), and run the sentences consecutively, which results in the same 120 month total sentence.

U.S. Sentencing Memo - 7
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

crimes of this Defendant, which is the most salient of the sentencing factors in 18 U.S.C. § 3553(a) as applied to this case.

Defendant has spent much of his adult life engaged in the unauthorized practice of law, in itself a felony offense under state law. In doing so, Defendant variously portrays himself as an expert in law enforcement and/or as some type of legal genius - a "lawyer" but not an "attorney" as he explained at some (rather bewildering) length during the trial. Both self-portrayals are complete and utter fictions.

Defendant's lack of any legal expertise has been on display in his repeated filings with this and other courts, and in his performance at his own trial. Defendant nonetheless has exploited the ignorance of others for his personal gain for years, taking money from form people to "help" them with their legal problems - but in reality he of course did no such thing.

This conduct, coupled with his complete disdain for all levels of government, leads directly to these proceedings. First, Defendant took money from the victims of a massive ponzi scheme prosecuted in Washington DC to "fix" their problems. Of course, as the case agent testified, there was nothing to fix - the government recovered almost all of the lost money, and most victims were made whole. Defendant nonetheless took money from these hapless individuals, essentially to interfere with the ongoing prosecution. Defendant ultimately filed liens against a federal district court judge, various AUSAs, and the case agent, who testified at trial.

Second, Defendant also filed liens for his good friend and "mentor" David Carroll Stephenson, to obtain revenge upon BOP officials who were merely executing this Court's lawful sentence - a sentence both Defendant and Stephenson treated with contempt.

Third, Defendant harassed a Postal Inspector who was investigating two of Defendant's "clients," Donavan and Henningsen, and ultimately harbored and concealed them from arrest on federal charges.

Lastly, Defendant possessed numerous firearms, including a street-sweeper

U.S. Sentencing Memo - 8
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

shotgun, an AK-47-style assault rifle, and a loaded handgun (in a drawer where he was sitting as agents made entry), notwithstanding his prior felony conviction in this Court. Defendant's possession of this small arsenal of weapons doubtless also grows from his contempt for the rule of law and for government at all levels.

Defendant's possession of firearms is particularly disturbing in light of several facts. First is obviously his disdain for government. Second is his possession of various items of police equipment, including numerous badges, light bars, and a Crown Victoria sedan modified to appear to be a police vehicle. Last but not least is Defendant's repeated invocation of the shooting of government officials in Southern California by a disgruntled former police officer - which again appeared to be a veiled threat to engage in violence himself if he is prevented from pursuing his "petitions for redress."

Defendant is not going to stop engaging in criminal conduct. He has absolutely no remorse for his behavior. Defendant's criminal history; his abysmal performance on supervised release during his last contact with the federal criminal system; his behavior leading up to and during trial; and his numerous filings since trial, all show that he will continue to offend going forward. There appears to be no chance for rehabilitation.

Accordingly, the government respectfully submits that a very long sentence is necessary to adequately sanction Defendant, to protect the public from future crimes of the Defendant, and to deter others associated with him. While a 120 month sentence is lengthy for a 57-year old man, it should be noticed that (by his own admission), Defendant's health has dramatically improved since he was taken into custody.

For the same reasons, a period of supervised release is also necessary. Given Defendant's history, the government respectfully submits that the Court should add the following conditions of supervision, some of which were part of his last federal judgment:

- That the Defendant not engage in the practice of law, provide others with legal advice, either for free or for compensation, or hold himself out as an attorney, lawyer, or legal advisor of any type.

U.S. Sentencing Memo - 9
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 • That the Defendant shall not hold himself out as a police officer, officer of the
2 peace, or other law enforcement officer of any type.
3 Lastly, the government asks the court to order the forfeiture of the firearms, as well
4 as all police implements, badges, and Defendant's legal files, both in electronic and paper
5 form, including the digital devices themselves.  These items are all contraband and/or
6 instrumentalities of the offense, and should not be returned to him under any
7 circumstances.[3]

### V. CONCLUSION.

For the reasons set forth above, the government respectfully recommends a total sentence of 120 months custody, to be followed by three years of supervised release.

Respectfully submitted this 20th day of May, 2013.

JENNY A. DURKAN
UNITED STATES' ATTORNEY

 */s/ Vincent T. Lombardi*
VINCENT T. LOMBARDI
THOMAS W. WOODS
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Facsimile: 206-553-0755
Phone: 206-553-7970
E-mail: vince.lombardi@usdoj.gov

---

[3] Alternatively, if the Court is inclined to order the return of any digital devices, the government respectfully submits that the Court should order that the digital devices hard drives be erased first.

U.S. Sentencing Memo - 10
U.S. v. Leaming, CR12-5039RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).   I hereby certify I have served the defendant, Kenneth Leaming, to wit:

KENNETH LEAMING
REGISTER NO. 34928-086
FDC SEATAC
PO BOX 13900
SEATTLE, WA 98198

 */s/ Vincent T. Lombardi*
VINCENT T. LOMBARDI
THOMAS W. WOODS
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Facsimile: 206-553-0755
Phone: 206-553-7970
E-mail: vince.lombardi@usdoj.gov

U.S. Sentencing Memo - 11
*U.S. v. Leaming*, CR12-5039RBL